IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GIRALDO BERSORES VELOZ, | ) |
| Plaintiff, | ) No. 1:14-cv-0130 |
| | ) Judge Haynes |
| v. | ) |
| MARSHALL COUNTY SHERIFF'S OFFICE et al., | ) |
| Defendants. | ) |

# MEMORANDUM

Plaintiff, Giraldo Veloz, a state prisoner at the Marshall County Jail in Lewisburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: the Marshall County Sheriff's Office, the Lewisburg Police Department, the 17th Judicial Drug Task Force, the Tennessee Highway Patrol, the United States Department of Secret Service, former Marshall County Sheriff Norman Dalton, current Marshall County Sheriff Billy Lamb, Jail Administrator Sabrina Patterson, and law enforcement officers James Johnson, David Henley, Scott Braden, Santiago McClean, Tim Miller, Wayne Dunkleman, and Matt Stevenson. (Docket Entry No. 1). Plaintiff asserts violations of his rights under the Fourth and Fifth Amendments rights arising out of his criminal conviction.

## A. Analysis of the Complaint

According to his complaint, Plaintiff contests a traffic stop, search, and arrest that occurred in February 2011 (Docket Entry No. 1, at 15-16, Affidavit in Support of Search Warrant, attached as exhibit to Complaint). Plaintiff alleges that the stop was without reasonable suspicion; that he did not consent to the search; that he was not properly "Mirandized" until nine hours after his arrest when a translator was finally provided; and that his vehicle was unlawfully seized by Marshall

County police officers without proper notice and a hearing. He alleges that Defendants David Henley, Scott Braden, Wayne Dunkleman, and Matt Stevenson participated in the illegal traffic stop or arrest. Santiago McClean allegedly "unreasonably delayed translation," and Tim Miller "provided voice identification to prosecution." (Complaint at 8.)

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any civil complaint filed *in forma pauperis* and dismiss it if it fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*,

437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In addition, Section 1983 claims are governed by statute of limitations.

Because there is no "statute of limitations governing § 1983 actions, 'federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought.'" *Wolfe v. Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005) (quoting *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)). Although the statute of limitations for § 1983 is borrowed from state law, a § 1983 action accrues and the statutory period begins to run according to federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Typically, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

Although the statute of limitations is an affirmative defense, Fed. R. Civ. P. 8(c), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). This action was filed on September 16, 2014. Absent tolling, Plaintiff's claims must have accrued within one year of that date to avoid being barred by the statute of limitations. All of Plaintiff's claims, however, relate to the traffic stop, search, arrest,

and vehicle seizure that took place in February 2011, more than three years prior to the filing of the complaint. Plaintiff clearly knew or had reason to know "of the injury which is the basis of his action," *Eidson*, 510 F.3d at 635, at the time the events occurred. Plaintiff does not allege any facts suggestive of tolling or of any ongoing constitutional violations.

Because Plaintiff's complaint and attached documents plainly reveal that his claims are barred by the applicable statute of limitations, this action must be dismissed with prejudice for failure to state a claim for which relief may be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 22nd day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge